UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jan Lynch,** | ) | **CASE NO. 1:05 CV 2077** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States Postal Service,** | ) | **Order** |
| | ) | |
| **Defendant**. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 10).  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff, Janet Lynch, proceeding *pro se,* filed this case in the Cuyahoga County Common Pleas Court against defendant, United States Postal Service.  The matter was thereafter removed to this Court by the United States of America on behalf of the United States Postal Service.

Plaintiff's Complaint contains one allegation.  Plaintiff asserts that defendant should

1

have granted her disability retirement as soon as she applied for it in 1998. Its refusal to do so until December 2000, has cause plaintiff severe loss of property in the amount of $575,000.00.

This matter is now before the Court upon defendant's Motion to Dismiss.

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687 (6th Cir. 1999). The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989). However, the complaint must set forth "more than the bare assertion of legal conclusions. *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

**Discussion**

Defendant presents two bases in support of its motion. Both warrant dismissal.

First, defendant argues that this case is barred by the doctrine of *res judicata.* For the following reasons, this Court agrees.

"Under the doctrine of *res judicata*, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action." *Ewing v. O'Brien*, 115 Fed.Appx. 780, 782 (6th Cir. 2005) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). "The doctrine precludes relitigation of

claims actually litigated as well as claims that could have been litigated." *Id.* (citations omitted). *See also J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996) (The court recognized that the doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action.)

In September 2000, plaintiff filed a lawsuit against this defendant alleging retaliation and discrimination. (Case No. 1:00 CV 2365, Judge Aldrich). In May 2001, plaintiff amended her complaint to add an intentional infliction of emotional distress claim based on the fact that plaintiff applied for disability retirement in July 1999, but had not received it by June 2000. Judge Ann Aldrich issued a Memorandum of Opinion and Order dismissing the claim asserted in the amended pleading because it failed on the merits and had not been administratively exhausted. The Sixth Circuit affirmed the decision. *Lynch v. Henderson,* No. 02-3472 (6th Cir. Dec. 2, 2002).

The claim in this case is the same as that asserted in the amended pleading in plaintiff's earlier case, i.e., the delay in the processing of her disability retirement caused damage to plaintiff. The fact that plaintiff does not allege intentional infliction of emotional distress herein but rather that the delay has caused a loss of real property is not sufficient to overcome the doctrine of *res judicata* which prohibits relitigation of all claims or issues which were previously litigated by the same parties. Plaintiff appears to have only complained in the previous suit of the failure to receive disability retirement as of June 2000, and herein asserts that the denial continued until December 2000. However, the amended pleading in the earlier case was filed in May 2001. Therefore, plaintiff could have asserted this allegation and *res judicata* equally applies to claims that could have been litigated.

3

Second, defendant asserts that plaintiff has failed to timely exhaust her administrative remedies with respect to this claim.  Defendant submits the declaration of Eleanor Royko, Tort Claims Coordinator for defendant, who avers that there is no record that plaintiff filed an administrative claim in this matter.  (Royko decl.)  Failure to exhaust administrative remedies prior to asserting a tort claim against an agency of the United States government as required by 28 U.S.C. § 2675(a), deprives a court of jurisdiction over the claim. *Bangas v. Potter*, 2005 WL 1901825, *2 (6th Cir. 2005) (citations omitted).  Plaintiff does not dispute that she has failed to exhaust her administrative remedies prior to bringing this claim.  Therefore, dismissal is appropriate on this basis as well.

For the foregoing reasons, dismissal is warranted.[1]

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/24/05

---

[1] The Court further notes that the Office of Personnel Management is the proper party herein as it is the agency responsible for processing claims for disability retirement.  (Doc. 10 at footnote 1).  Plaintiff has not sued this agency.